UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMUEL JOHNSON,

                                           Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER
THEOHARI KOUMNIOTES, tax # 947138, POLICE
OFFICERS JOHN AND JANE DOES 1-5,

                                           Defendants.

**COMPLAINT**

11 CV 5612

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers in connection with two separate arrests, one in Manhattan occurring on December 9, 2010, and a second occurring in the Bronx on May 18, 2011. With respect to the Manhattan arrest, plaintiff alleges that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using excessive force on him, strip searching him, fabricating evidence against him and maliciously prosecuting him. With respect to the Bronx arrest, plaintiff alleges that defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth and Sixth Amendments to the Constitution and New York state law by falsely arresting him, retaliating against him, using excessive force on him, fabricating evidence against him and maliciously prosecuting him. Both criminal cases were dismissed. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. A notice of claim was duly filed with the City of New York within 90 days of the dismissal of the December 9, 2010 case and the arrest of May 18, 2011, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

**PARTIES**

6. Plaintiff is a resident of the Bronx.

7. The City of New York is a municipal corporation organized under the laws of the State of New York

8. Police Officer Theohari Koumniotes is a member of the New York City Police Department ("NYPD") who was employed on the Manhattan North Impact Response Team on December 9, 2010. The defendant was acting under color of state law and in his capacity as a member of the NYPD at all relevant times. The defendant is liable for directly

participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendant is sued in his individual capacity.

9. John and Jane Does 1-5 are members of the NYPD who arrested plaintiff. The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

**A.   Incident of December 9, 2010**

10. In the early morning hours of December 9, 2010, plaintiff was driving in car in Manhattan with several friends headed to a restaurant.

11. On the corner of Saint Nicholas Avenue and West 181st Street, four unformed male police officers, including Theohari Koumniotes, stopped plaintiff's car for no reason.

12. The officers searched the car without legal cause and did not find anything illegal in the vehicle.

13. Although plaintiff had not committed a crime, the officers, acting in concert, arrested plaintiff and handcuffed plaintiff excessively tight causing him to suffer pain and bruising.

14. None of the officers complied with plaintiff's requests to loosen the cuffs.

15. Plaintiff was taken to an unknown precinct where one of the officers, with the approval and knowledge of the others officers, illegally strip searched him in a restroom.

16. The officer ordered plaintiff to pull down his and underwear, spread his buttocks and cough.

17. The officer conducting the strip search did not find anything illegal on plaintiff.

18. While plaintiff was held in the precinct, Officer Koumniotes, with the approval and knowledge of the other officers, falsely charged plaintiff with possession of marijuana claiming that marijuana was found in plaintiff's waistband.

19. While plaintiff was held in the precinct, no officer provided him with food or water or allowed him to use the telephone.

20. Several hours later, officers took plaintiff to Manhattan Central Booking.

21. While plaintiff was held in Central Booking, Officer Koumniotes, with the approval and knowledge of the other officers, misrepresented to the New York County District Attorney's Office that marijuana was found in plaintiff's waistband.

22. Officer Koumniotes signed a criminal court complaint which commenced a criminal proceeding against plaintiff for possession of marijuana.

23. Plaintiff was arraigned in Criminal Court on December 10, 2010 and released on his own recognizance.

24. Plaintiff went to court several times after his arraignment.

25. On June 15, 2011, the false criminal charge was dismissed.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, physical injuries, emotional distress, fear, anxiety and humiliation.

B.   **Incident of May 18, 2011**

27.   On May 18, 2011, plaintiff went to visit his friend Keith Ford who lives on the first floor of 819 174th Street, a private building in the Bronx, when a female officer and a male officer of the NYPD falsely arrested him in the lobby at approximately 8:30 p.m. and charged him with trespass.

28.   Plaintiff tried to explain to the officers that he was visiting a friend and, in response, the female officer pushed plaintiff into a wall face first and handcuffed plaintiff excessively tight causing him to suffer pain and bruising.

29.   Neither of the officers complied with plaintiff's requests to loosen the cuffs.

30.   Plaintiff was taken to the 42nd Precinct.

31.   While plaintiff was held in the precinct, the two officers, acting in concert, falsely charged plaintiff with trespass and resisting arrest.

32.   Several hours later, plaintiff was taken to Bronx Central Booking.

33.   While plaintiff was held in Central Booking, one of the officers, with the approval and knowledge of the other officer, misrepresented to the Bronx County District Attorney's Office that plaintiff was found trespassing and had resisted arrest.

34.   As a result of the officers' misrepresentations, a criminal case was commenced against plaintiff.

35.   Plaintiff was arraigned in Criminal Court on May 19, 2011 and released on his own recognizance.

36.   Plaintiff went to court after his arraignment.

37.   On July 20, 2011, the false criminal charges were dismissed.

38. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, physical injuries, emotional distress, fear, anxiety and humiliation.

## FIRST CLAIM

### (FALSE ARREST)

39. Plaintiff repeats the foregoing allegations.

40. On December 9, 2010 and May 18, 2011, plaintiff did not commit a crime or violation.

41. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

42. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

43. Plaintiff repeats the foregoing allegations.

44. Defendants' uses of force upon plaintiff during the arrests at issue were objectively unreasonable and caused plaintiff pain and injury.

45. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

46. Plaintiff repeats the foregoing allegations.

47. The strip search of plaintiff after his arrest on December 9, 2010 was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

48. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## FOURTH CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

49. Plaintiff repeats the foregoing allegations.

50. Plaintiff exercised free speech on May 18, 2011 by contesting the validity of the arrest.

51. Plaintiff's use of free speech was a motivating factor in defendants' decisions to use force upon, arrest and attempt to prosecute plaintiff.

52. Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## FIFTH CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

53. Plaintiff repeats the foregoing allegations.

54. Defendants misrepresented to the New York County District Attorney's Office and the Bronx County District Attorney's Office that plaintiff had committed a crime.

55. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to appear in court after his arraignments.

56. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and for denying plaintiff a fair trial.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION)

57.     Plaintiff repeats the foregoing allegations.

58.     Defendants maliciously misrepresented to the New York County District Attorney's Office and the Bronx County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against him.

59.     Defendants' motivation was not to serve justice but to obtain overtime compensation and increase their arrest numbers.

60.     Defendants' misrepresentations deprived plaintiff of liberty in that he was required to appear in court after his arraignments.

61.     The two criminal cases filed against plaintiff were ultimately dismissed.

62.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

63.     Plaintiff repeats the foregoing allegations.

64.     The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

65.     The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

66.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have

previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

67. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

68. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

69. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

70. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

71. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

72. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## EIGHTH CLAIM
### (FALSE ARREST UNDER STATE LAW)

73. Plaintiff repeats the foregoing allegations.

74. On December 9, 2010 and May 18, 2011, plaintiff did not commit a crime or violation.

75. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

76. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## NINTH CLAIM

### (ASSAULT)

77. Plaintiff repeats the foregoing allegations.

78. Defendants' searches of and uses of force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

79. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## TENTH CLAIM

### (BATTERY)

80. Plaintiff repeats the foregoing allegations.

81. Defendants' searches of and uses of force upon plaintiff were offensive and nonconsensual physical contacts which injured him.

82. Accordingly, defendants are liable to plaintiff under New York state law for battery.

## ELEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

83. Plaintiff repeats the foregoing allegations.

84. Defendants maliciously misrepresented to the New York County District Attorney's Office and the Bronx County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against him.

85. Defendants' motivation was not to serve justice but to obtain overtime compensation and increase their arrest numbers.

86. The two criminal cases filed against plaintiff were ultimately dismissed.

87. Accordingly, defendants are liable to plaintiff under New York state law for malicious prosecution.

## TWELFTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

88. Plaintiff repeats the foregoing allegations.

89. The individual defendants were acting within the scope of their employment as members of the NYPD when they committed the torts alleged herein.

90. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault, battery and malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: August 9, 2011

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391